Civil Action Cover Sheet (Rev. 04/10/14) CCM 0520

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### MUNICIPAL DEPARTMENT/ 6th DISTRICT

Richard Skrezyna
**Plaintiff**

v.

Yehoshua Cohen et al
**Defendant**

No. _____
20176000064
CALENDAR/ROOM 0208
TIME 09:00
PI Motor Vehicle

Jury Demand ☐ Yes ☒ No

☐ I need language help in court. I speak _____

### CIVIL ACTION COVER SHEET

A Civil Action Cover Sheet shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate general category which best characterizes your action.

**Civil Case (A)**

☐ Tort not Personal Injury
☐ Confession of Judgment
☐ Replevin
☐ Detinue
☐ Foreign Judgment
  Filing Out of State/Out of Country
☐ Registration of Administrative Judgment

**Tort/Personal Injury Case**

Any wrong or damage done to another person, such as, physical pain, illness, or any impairment of physical condition resulting from the careless or negligent actions of others. The most common cases involve auto accident injuries.

☒ Personal Injury Motor Vehicle
☐ Dram Shop
☐ Product Liability
☐ Personal Injury Subrogation
☐ Personal Injury Motor Vehicle Subrogation
☐ Personal Injury Other
☐ Tort Intentional
☐ Property Damage

**Other Litigation Case**

(i.e. credit card agreements, any contract between two or more individuals)

☐ Breach of Contract
☐ Fraud
☐ Consumer Fraud
☐ Breach of Warranty
☐ Statutory Action Complaint

**Civil Case (B)**

☐ Filing an Illinois Court Judgment
☐ Petition for Discovery
  A Petition to take depositions or subpoena records before a case is filed.

**Civil Housing Case**

(i.e. condominium conversion, conservation, demolition/objection to fast track, exterior walls/facades, fire protection, heat call (including Unincorporated Cook County), lead paint new developments, public nuisance, public places of amusement, strategic task force inspections)

☐ Housing
☐ Objection to Fast Track
☐ Criminal Ordinance Violation
☐ Heat Case
☐ Vacant Building

**Pro Se Case Type**

The Pro Se Court section of the Civil Division resolves disputes between parties where the amount at issue does not exceed $3,000. The party may act as their own attorney. Forms can be completed at the Pro Se desk in Room 602.

☐ Pro Se ($3,000 or less)

**Eviction Case/Civil Forcible/CHA Forcible**

A summary proceeding in which the landlord seeks to restore possession of the premises or payment of rent when the tenant has wrongfully withheld rent or possession of the premises.
☐ Forcible (possession only)
☐ Joint Action (possession and rent)
☐ Distress for Rent

Submitted by: _____
☒ Atty. No.: 35178   ☐ Pro se 99500
Name: Peter T. Vrdolyak
Atty. for: Vrdolyak Law Group LLC
Address: 7725 W. 159th St.
City/State/Zip Code: Tinley Park, IL 60477
Telephone: (708) 429-2332

Service via email from opposing party/counsel will be accepted at:

_____
by consent pursuant to Ill. Sup. Court. Rules 11 and 131.

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

_____

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 1


DEFENDANT'S EXHIBIT A

30827:BBK:bb:January 5, 2017                                                                 Attorney No. 35178

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, SIXTH DISTRICT

| | | |
|---|---|---|
| Richard F. Skrezyna, | ) | No. 20176000064 CALENDAR/ROOM 0208 TIME 09:00 |
| | ) | |
| Plaintiff(s), | ) | Amount Claimed: Greater than Motor Vehicle $30,000.00 plus costs of this suit. |
| | ) | |
| vs. | ) | |
| | ) | Return Date: 2/6/2017 |
| Yehoshua Cohen, | ) | |
| Swift Transportation Co. of Arizona, LLC | ) | Status Date: 2/27/2016 |
| Defendant(s), | ) | Courtroom: |
| | | Time: 9:00 a.m. |

### SUMMONS
**Please Serve Defendant(s)**

1. Yehoshua Cohen, 417 S. Kenmore Avenue, Apt. 14, Los Angeles, CA 90020
2. Swift Transportation Co. of Arizona, LLC c/o National Registered Agents Inc., 208 S. LaSalle St, Suite 814, Chicago, Illinois 60604

To each Defendant:
YOU ARE SUMMONED and required:
   1. To file your written appearance by yourself or your attorney and pay the required fee in:
~ District 1: Richard J. Daley Ctr., Rm 602, Chicago, IL 60602   ~ District 2: 5600 Old Orchard Rd., Skokie, IL 6007
~ District 3: 2121 Euclid, Rolling Meadows, IL 60008              ~ District 4: 1500 Maybrook Dr., Maywood, IL 60153
~ District 5: 10220 S. 76th Ave., Bridgeview, IL 60455            ■ District 6: 16501 S. Kedzie, Markham, IL 60426
on _____, _____ before 9:00 a.m. on that date; and then immediately thereafter appear in person or by your attorney on Return Day.
   2. File your answer to the complaint before 9:00 a.m. as required by the applicable subsections of Paragraph 3 or 4 in the NOTICE TO DEFENDANT on the reverse side.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOUR FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.
To the Officer:
   This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than 3 days before the date for appearance. If service cannot be made, this summons shall be returned so endorsed.
   This summons may not be served later than 3 days before the day of appearance.

THERE WILL BE A FEE TO FILE YOUR APPEARANCE

Atty. No: 35178                                    WITNESS **DOROTHY BROWN** JAN 0 5 2017
By: Benjamin B. Kelly
Attorney for Plaintiff                             .............................................................
7725 West 159th Street, Suite A                    DOROTHY BROWN, Circuit Court Clerk
Tinley Park, Illinois 60477
(708) 429-2332                                     Date of Service:............................., 2015
                                                   (To be inserted by officer on copy left with defendant or other person)

                                                   | SEE REVERSE SIDE |

**Service by Facsimile Transmission will be accepted at:................................................................
                                                   (Area Code) (Facsimile Number)
                                                                                       **OVER**

Any person wishing to sue or defend a case as an indigent must petition the court to have the fees, costs, and charges associated with the proceedings waived.

Customers may visit www.cookcountyclerkofcourt.org to access the Clerk's filing fees or telephone the Civil Division at (312) 603-5116 with additional questions.

## NOTICE TO PLAINTIFF

You MUST select a return day of:
not less than 14 or more than 40 days after issuance of summons if amount claimed is $10,000 or less;
not less than 21 or more than 40 days after issuance of summons if amount claimed is in excess of $10,000.

## NOTICE TO DEFENDANT

1. If the complaint is notarized, your answer must be notarized.

For District 1 Cases Only:

2. On the specified Return Day, one of the following may occur:

    a. If you are sued for $10,000 or less, you need not file an answer unless ordered to do so by the Court.

        (i) If Plaintiff is not present, the case may be dismissed for want of prosecution.

        (ii) If you have not filed an appearance, or you have filed an appearance and are not present, the Plaintiff may obtain an exparte default judgment against you for the amount claimed.

        (iii) If you have filed an appearance and are present on Return Day, trial may be held that day, or may be set for another day certain.

    b. If you are sued for more than $10,000.00, and if you have filed your appearance on time, you must file your answer no later than 10 days after the appearance date (return date) specified on the front of this form. If you have not filed your appearance or answer on time, the Plaintiff may obtain an exparte default judgment against you for the amount claimed. If Plaintiff is not present for the Default call, the case may be dismissed for want of prosecution. If you filed your appearance and have not filed your answer on time the Plaintiff may motion the court to enter a judgment.

3. Late filing of an appearance or answer will not relieve you from a judgment or default order except by court order.

For District 2, 3, 4, 5 and 6 Cases:

4. If you are sued for more than $10,000, you have 10 days from the Return Day to answer or otherwise plea.

5. On the specified Return Day, if you are sued for $10,000 or less, you need not file an answer unless ordered to do so by the Court.

6. On the specified Status/Trial Day, one of the following may occur:

    a. If Plaintiff is not present, the case may be dismissed for want of prosecution.
    b. If you have not filed an appearance, or you have filed an appearance and are not present, the Plaintiff may obtain an exparte default judgment against you for the amount claimed.
    c. If you have filed an appearance and are present on Status/Trial Day, trial may be held that day, or may be set for another day certain.

The following is applicable to District 3 cases only:

7. This case may/may not be heard on the day for appearance specified in summons.

8. If the claim is for personal injury, or is a civil case in which Plaintiff has filed a jury demand, you will be required to file your appearance in person or by attorney Return Day, and your answer as required by Par. 2(b) above.
   These cases will be assigned and heard in the Civil Jury Room _____ unless otherwise ordered by the Presiding Judge. Neither Plaintiff nor Plaintiff's attorney will be required to be present on Return Day. The case will be set for Status at 9:00 a.m., approximately 60 days from the date of filing. Plaintiff and Defendant will be required to appear in court on that status day.

9. Trial Rights of Property, Detinues, and Revivals of Judgment, Pro Se, and Forcible Detainer suits are returnable in Room _____ and are disposed of on a Return Day unless otherwise ordered by the Court.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

30827: RBG                                                                 Attorney No. 41535

### IN THE CIRCUIT COURT OF COOK COUNTY
### MUNICIPAL DIVISION – 6th DISTRICT

|  |  |  |
|---|---|---|
| RICHARD SKREZYNA, | ) | 20176000064 |
|  | ) | CALENDAR/ROOM 0208 |
|  | ) | TIME 09:00 |
| Plaintiff, | ) | Case No.: PI Motor Vehicle |
|  | ) |  |
| -vs- | ) | Amount: In excess of Thirty Thousand |
|  | ) | Dollars ($30,000.00) plus costs. |
| YEHOSHUA COHEN, and SWIFT | ) |  |
| TRANSPORTATION Co. OF ARIZONA, | ) |  |
| a foreign company, | ) | Return Date: 2/6/17 |
|  | ) |  |
| Defendants. | ) |  |

### COMPLAINT

NOW COMES the Plaintiff, RICHARD SKREZYNA by and through his attorney, THE VRDOLYAK LAW GROUP, LLC, and complaining of the Defendants, YEHOSHUA COHEN, and SWIFT TRANSPORTATION Co. OF ARIZONA, a foreign company, states as follows:

### COUNT I – RICHARD SKREZYNA v. YEHOSHUA COHEN

1. That on or about January 12, 2015, and at all relevant times herein, the Defendant, YEHOSHUA COHEN, operated, maintained, and controlled a motor vehicle, travelling in an eastbound direction at or near Interstate 80 Post 147, Tinley Park, County of Cook, Illinois.

2. That at the aforesaid time, and at all relevant times herein the Plaintiff, RICHARD SKREZYNA, owned, managed, maintained, and drove a motor vehicle, travelling in an eastbound direction at or near Interstate 80 Post 147, Tinley Park, County of Cook, Illinois.

1

3. That at the aforesaid time and place, and at all relevant times herein, the Defendant did then and there drove his vehicle into a violent collision with the vehicle Plaintiff was operating.

4. That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for his own safety and the safety of others; that care being commensurate with his age, intellect and mental capacity and with the physical circumstances existent at such time and place.

5. At the aforesaid time and place and at all relevant times herein, the Defendant owed a duty to the Plaintiff, and to the public generally, to exercise due and proper care and caution in the operation of the said motor vehicle.

6. That at the aforesaid time and place and all relevant times herein, the Defendant breached the aforesaid duty to the Plaintiff through one or more of the following negligent and careless acts and/or omissions:

   (a) owned, operated, controlled, and drove said motor vehicle into collision with Plaintiff;

   (b) failed to keep said motor vehicle under proper and sufficient control;

   (c) operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

   (d) operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

   (e) failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601; and

   (f) failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601.

2

7. As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, YEHOSHUA COHEN, the Plaintiff, RICHARD SKREZYNA, suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, the Plaintiff, RICHARD SKREZYNA, demands judgment against the Defendant, YEHOSHUA COHEN, for a sum in excess of THIRTY THOUSAND ($30,000.00) DOLLARS, plus costs of this suit.

## COUNT II – RICHARD SKREZYNA v. SWIFT TRANSPORTATION Co. OF ARIZONA

1. That on or about January 12, 2015, and at all relevant times herein, YEHOSHUA COHEN, an authorized and/or ostensible agent of the Defendant, SWIFT TRANSPORTATION Co. OF ARIZONA, operated, controlled and drove a motor vehicle travelling in an eastbound direction at or near Interstate 80 Post 147, Tinley Park, County of Cook, Illinois.

2. That at the aforesaid time and place, and at all relevant times herein, the Defendant, SWIFT TRANSPORTATION Co. OF ARIZONA, owned and maintained said motor vehicle then and there operated, controlled and driven by an authorized and/or ostensible agent of the Defendant, YEHOSHUA COHEN.

3. That at the aforesaid time and place, and at all relevant times herein, the authorized and/or ostensible agent of the Defendant, YEHOSHUA COHEN, operated, controlled and drove the motor vehicle with the knowledge, consent and express and/or implied permission of the Defendant, SWIFT TRANSPORTATION Co. OF ARIZONA.

4. That at the aforesaid time and place, and all relevant times herein, the authorized and/or ostensible agent of the Defendant, YEHOSHUA COHEN, operated, controlled and drove

3

the motor vehicle within the permission of the Defendant, SWIFT TRANSPORTATION Co. OF ARIZONA.

5. That at the aforesaid time and place, and at all relevant times herein, the Defendant, SWIFT TRANSPORTATION Co. OF ARIZONA had a right of control over his authorized and/or ostensible agent, YEHOSHUA COHEN, in the operation of the aforesaid motor vehicle.

6. That at the aforesaid time and place, and at all relevant times herein, the authorized agent of the Defendant, YEHOSHUA COHEN, was conducting himself in such a manner as to cause members of the general public, including the Plaintiff, RICHARD SKREZYNA, to believe that he was an agent of the Defendant, SWIFT TRANSPORTATION Co. OF ARIZONA.

7. That at the aforesaid time and place, the Plaintiff, RICHARD SKREZYNA, owned, operated, controlled and drove a motor vehicle travelling in an eastbound direction at or near Interstate 80 Post 147, Tinley Park, County of Cook, Illinois.

8. That at the aforesaid time and place, the Defendant, SWIFT TRANSPORTATION Co. OF ARIZONA, as owner and principal through his agent, YEHOSHUA COHEN, the Defendant did then and there drove his vehicle into a violent collision with the motor vehicle driven by the Plaintiff, RICHARD SKREZYNA.

9. That at all relevant times herein, the Plaintiff, RICHARD SKREZYNA, was in the exercise of all due care and caution for his own safety and the safety of others; that care being commensurate with his age, intellect and mental capacity and with the physical circumstances existent at such time and place

4

10. That the aforesaid time and place, the Defendant, SWIFT TRANSPORTATION Co. OF ARIZONA, as owner and principal through his authorized and/or ostensible agent, YEHOSHUA COHEN, owed a duty to the Plaintiff, RICHARD SKREZYNA, and to the public generally to exercise due and proper care and caution in the operation of said motor vehicle.

11. That at the aforesaid time and place, the Defendant, SWIFT TRANSPORTATION Co. OF ARIZONA, as owner and principal through his authorized and/or ostensible agent, YEHOSHUA COHEN, breached the aforesaid duty to the Plaintiff, RICHARD SKREZYNA, through one or more of the following acts and /or omissions:

    (a) owned, operated, controlled, and drove said motor vehicle into collision with Plaintiff;

    (b) failed to keep said motor vehicle under proper and sufficient control;

    (c) operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

    (d) operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

    (e) failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601; and

    (f) failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601.

    (g) failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601.

12. As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, SWIFT TRANSPORTATION Co. OF ARIZONA, the Plaintiff, RICHARD SKREZYNA, suffered injuries and damages of a personal, pecuniary and permanent nature.

5

WHEREFORE, the Plaintiff, RICHARD SKREZYNA, demands judgment against the Defendants, SWIFT TRANSPORTATION Co. OF ARIZONA, for a sum in excess of THIRTY THOUSAND ($30,000.00) DOLLARS, plus costs of this suit.

_____
Attorney for Plaintiff

**THE VRDOLYAK LAW GROUP, LLC**
By: Raquel Gross
Attorney for Plaintiff
741 N Dearborn Street
Chicago, IL 60654
312-482-8200

6

## RULE 222 (b) AFFIDAVIT

I, the undersigned, am the Plaintiff in this case and under penalties provided by the law pursuant to section 1-109 of the Code of Civil procedure certify that the damages sought in this lawsuit does/does not exceed Fifty Thousand Dollars ($50,000.00)

X

CLERK OF THE CIRCUIT COURT - COOK COUNTY
00068887 Civil-06 1/5/2017 1:50PM
ATTY: 35178 053 CBROWN
AD DAMNUM: $30,000.01
CASE NO: 20176000064 COURTROOM:0209
RETURN DATE: 2/6/2017
CASE TOTAL: $368.00

| | |
|---|---|
| Base Filing Fee 6 | $240.00 |
| Automation | $25.00 |
| Document Storage | $25.00 |
| Law Library | $21.00 |
| Dispute Resolution | $1.00 |
| Arbitration | $10.00 |
| Court Services | $25.00 |
| Children Waiting Rm | $10.00 |
| Access Justice Fund | $2.00 |
| e-Business | $9.00 |
| CHECK NO: 91676 | |
| CHECK AMOUNT: | $368.00 |
| CHANGE | $0.00 |
| TRANSACTION TOTAL: | $368.00 |